**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

HISSEINE TCHOULI GOMBO,

    Petitioner,

    v.

WARDEN, ALEXANDRIA STAGING
FACILITY, *et al*,

    Respondents.

Case No. 2:25-cv-458

**OPINION & ORDER**

The Honorable Magistrate Judge Robert J. Krask issued an order granting limited jurisdictional discovery to determine whether the petitioner, Hisseine Tchouli Gombo, is in the actual or constructive custody of the United States. ECF No. 27. The respondents filed objections to the order pursuant to Fed. R. Civ. P. 72(a), arguing that permitting jurisdictional discovery was clearly erroneous and contrary to the law. ECF No. 30. For the reasons below, the respondents' objections are **OVERRULED**, and the order granting limited jurisdictional discovery is **AFFIRMED**.

## I.   BACKGROUND

The petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE") agency, submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. At the time he filed the petition, the petitioner was detained at the Farmville Detention Center in Farmville, Virginia. *Id.*

at 1. On August 21, 2025, counsel appeared on the petitioner's behalf and filed an amended petition. ECF Nos. 4–5. On October 6, 2025, Judge Krask issued an order directing the respondents to respond to the petition on or before October 20, 2025. ECF No. 12. Just prior to that order, on October 4 or 5, 2025, however, the petitioner was transferred to a prison in Eswatini. ECF No. 17 ¶¶ 5, 10. The petitioner thereafter filed a supplemental amended petition asserting, among other claims, that his transfer to Eswatini violated his constitutional due process rights. ECF No. 17.

In response to the supplemental amended petition, the respondents filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF Nos. 18 (motion), 19 (memorandum). The petitioner filed an opposition to the motion, ECF No. 22, and the respondents filed a reply, ECF No. 25. In his opposition to the motion to dismiss, the petitioner requested that the Court deny the motion, or alternatively order jurisdictional discovery "to ascertain whether Mr. Gombo is in the constructive custody of U.S. officials." ECF No. 22 at 2. On February 10, 2026, Judge Krask issued an order granting the petitioner's request for jurisdictional discovery to determine whether the petitioner is in the actual or constructive custody of the United States, despite his removal to Eswatini. ECF No. 27. The respondents objected to the order pursuant to Fed. R. Civ. P. 72(a), arguing that granting jurisdictional discovery was clearly erroneous and contrary to law. ECF No. 30. The petitioner opposes the respondents' objections and asks this Court to uphold the order granting jurisdictional discovery. ECF No. 36.

## II.    LEGAL STANDARD

"In reviewing nondispositive written orders issued by a magistrate judge, a district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Wall v. Rasnick*, 42 F.4th 214, 217 (4th Cir. 2022) (quoting Fed. R. Civ. P. 72(a)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 220 (citations and quotation marks omitted). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Eli Lilly and Co.*, 580 F.Supp.3d 334, 337 (E.D. Va. 2022) (citation and quotation marks omitted).

Further, "district courts have broad discretion in their resolution of discovery problems that arise in cases pending before them." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) (cleaned up and citation omitted). In assessing whether jurisdictional discovery is warranted, a plaintiff must offer more than mere "speculation or conclusory assertions." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *see ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 716 n.3 (4th Cir. 2002) (upholding district court's refusal to allow plaintiff to engage in jurisdictional discovery where the plaintiff's request was based only on "conclusory allegations").

### III.    ANALYSIS

The respondents raise two main arguments in objection to Judge Krask's order granting jurisdictional discovery. *See* ECF No. 30. The respondents argue that the order is clearly erroneous and contrary to law because it both (1) "grants discovery on a moot, non-redressable petition" and (2) "fail[s] to address independent grounds for dismissal prior to ordering jurisdictional discovery." *Id.* at 3, 6. Each argument fails.

### A.    Mootness

The Court first addresses the respondents' argument that the petition is moot. The respondents contend that Judge Krask erred in holding that "questions remain about the precise nature of Gombo's confinement," ECF No. 27 at 3, and granting jurisdictional discovery on that basis to determine whether the petitioner is in the constructive or actual custody of the United States. ECF No. 30 at 6. In support, the respondents assert that the record does not establish any reasonable likelihood that the petitioner is still in the constructive custody of the United States after his removal to Eswatini, making it erroneous to order jurisdictional discovery on that basis. *Id.* at 6–8. And respondents also argue that the petition was moot upon petitioner's removal because there is no redressable injury. *Id.* at 8–12.

### i.    *Constructive Custody*

In his opposition to the motion to dismiss his habeas petition, the petitioner put forth two pieces of evidence to establish that questions remain about whether the petitioner is still in the custody of the United States. *See* ECF No. 22. The first is a Memorandum of Understanding ("MOU") between the United States and Eswatini,

4

ECF No. 22-2 at 13–16, and the second is a statement that the petitioner heard from an anonymous security guard at the Eswatini prison where the petitioner is being held, ECF No. 22 at 4.

Addressing first the MOU, the petitioner asserts that the agreement is evidence that "the United States maintains the ability to impact the fate of the individuals sent to Eswatini." ECF No. 36 at 7. Specifically, § 1.3 of the MOU provides that the United States will "[e]ngage the International Organization for Migration (IOM) or other service provider to assist, as necessary, with the further relocation, within one year of arrival, of [third country nationals] removed to Eswatini from the United States." ECF No. 22-2 at 14. The respondents argue that Eswatini "operate[s] under its own laws and sovereignty" after the petitioner's removal, and that ICE has no knowledge of the petitioner's whereabouts after his removal. ECF No. 30 at 7; *see* ECF No. 25-1 (declaration of John Schultz, Jr., Deputy Assistant Director for the Removal Management Division (South), Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, Department of Homeland Security).

The Court finds that the MOU, and specifically § 1.3, supports Judge Krask's conclusion that questions remain about whether the petitioner remains in the custody, constructive or actual, of the United States. The MOU evidences the fact that the United States maintains an ongoing obligation to assist with the further relocation of petitioner, and other removed individuals, within one year of his arrival in Eswatini. *See* ECF No. 22-2 at 14. It was therefore not clear error for Judge Krask to determine that jurisdictional discovery could aid in better understanding the

nature of the ongoing relationship and responsibilities between the United States and Eswatini as a means of determining whether the petitioner remains in the custody of the United States. Accordingly, the Court finds that the MOU's language weighs in favor of granting jurisdictional discovery. *See Carefirst of Md.,* 334 F.3d at 402.

As further support, the petitioner contends that he was told by an anonymous official in Eswatini that he could only be released from custody "if the American ambassador directs such action." ECF No. 17 ¶ 27; ECF No. 22 at 3. In response, the respondents assert that this statement constitutes hearsay and should be accorded no weight. ECF No. 30 at 7. While this statement taken in isolation would be insufficient and would not pass muster under the Federal Rules of Evidence, at this stage of the litigation the Court finds that the statement lends further support to the petitioner's claim that he may still be in the constructive custody of the United States and that jurisdictional discovery is warranted. And this Court's conclusion that the United States may retain control over petitioner is also consistent with the findings reached by other district courts in this circuit. *See Abrego Garcia v. Noem*, 777 F. Supp. 3d 501, 511 (D. Md. 2025) (finding that the United States exerts control over each of the nearly 200 migrants sent to CECOT, and that the United States "detained them, transported them by plane, and paid for their placement in the mega-jail until 'the United States' decides 'their long-term disposition'"). Accordingly, the Court finds that Judge Krask's decision to allow jurisdictional discovery on the issue of whether the petitioner remains in the actual or constructive custody of the United States was not "clearly erroneous or contrary to law." *Wall,* 42 F.4th at 217.

6

### *ii.    Redressability*

The respondents further argue that regardless of whether the petitioner is in the custody of the United States, his petition became moot upon removal because there is no redressable injury. ECF No. 30 at 8. Therefore, the respondents believe this Court lacks the power to grant petitioner the relief he seeks, including facilitating his release from custody, making Eswatini aware of an order granting the petitioner protection from being removed to his country of origin, and providing the petitioner a fear-based screening before sending him to another country. *Id.* (citing ECF No. 17 at 15).

To satisfy Article III standing, the petitioner must make a plausible showing that he has (1) suffered an injury in fact that is both concrete and particularized, and actual and imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Here, it is apparent that if jurisdictional discovery shows that the petitioner is still in the custody of the United States, then his injury is entirely redressable. It is evident that if the United States maintains constructive or actual control over the petitioner, then it would have the power to direct Eswatini to redress the petitioner's alleged injury. The Court therefore rejects the argument that the petitioner's injury is not redressable.[1]

---

[1] The Court also finds the respondents' remaining arguments unavailing. The respondents contend first that the Court issuing an order directing the government to take a specific diplomatic action regarding the petitioner would be a violation of

The respondents' objection to Judge Krask's order granting jurisdictional discovery on the basis that the petition is moot is therefore overruled.

### B.      Independent Grounds for Dismissal

The respondents also argue that Judge Krask's order is erroneous because it failed to address independent grounds for dismissal. ECF No. 30 at 3. Namely, the respondents assert that Judge Krask should have addressed whether the Immigration and Nationality Act ("INA") deprives the Court of jurisdiction over the petitioner's claims and whether the petitioner's status as a member of a non-opt out class action precludes this Court from addressing the substance of the petitioner's claims. *Id.*

Judge Krask did not err in declining to address those arguments prior to granting jurisdictional discovery. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Further, "when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional

---

the separation of powers doctrine and insert the judiciary into sensitive issues of foreign affairs. ECF No. 30 at 9. But any such order would not insert the judiciary into a matter of foreign affairs but rather order the United States to "comply with its obligation to provide [the petitioner] with 'due process of law.'" *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). The respondents' other arguments also fail, because if the petitioner is in the constructive custody of the United States, it would be within the respondents' power to order his return to the United States and advise Eswatini of the petitioner's rights regarding future placement. *See* ECF No. 30 at 9–11.

allegations are clearly immaterial or wholly unsubstantial and frivolous." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Whether the petitioner remains in the custody of the United States is central to the question of whether the motion to dismiss should be granted. *See* ECF No. 19. And, in their motion to dismiss, respondents themselves contend that "subject matter jurisdiction is a threshold issue that must be addressed before the merits of the case." *Id.* at 9 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95–102 (1998)). Thus, the Court is not convinced that Judge Krask's order, without addressing the remaining arguments, was contrary to law, nor is the Court "left with the definite and firm conviction that a mistake has been committed." *Wall*, 42 F.4th at 217.

Lastly, the respondents contend, relying on *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502 (4th Cir. 1999), that a district court "properly exercises its discretion to stay potentially unnecessary discovery where all or part of a case may be resolved on a dispositive motion to dismiss." ECF No. 30 at 4. But here the motion to dismiss was filed under Rule 12(b)(1) and only alternatively under Rule 12(b)(6). ECF No. 19 at 1–2. The *Chaudhry* court concluded that the motion was incorrectly characterized as one under Rule 12(b)(1) instead of Rule 12(b)(6), and thus the district court did not abuse its discretion by staying discovery and refusing to grant the plaintiff an evidentiary hearing. 186 F.3d at 505. But here, the Court concludes that the threshold issues presented by the 12(b)(1) motion require jurisdictional discovery before the Court can reach the merits, and *Chaudhry* does not mandate a different conclusion.

## IV.   CONCLUSION

Therefore, the respondents' objections (ECF No. 30) are **OVERRULED**, and the order granting limited jurisdictional discovery (ECF No. 27) is **AFFIRMED**.

The petitioner's request for jurisdictional discovery to determine whether he is currently in the actual or constructive custody of the United States is **GRANTED**.

The parties are **DIRECTED** to meet and discuss the scope and process of jurisdictional discovery and submit a proposed discovery order to the Honorable Robert J. Krask not later than **April 27, 2026**.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
April 20, 2026

10