**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

H.T.G.,

                              Petitioner,

v.                                                                Action No. 2:25cv458

JEFFREY CRAWFORD,
Abyon-Farmville Detention Center, et al.,

                              Respondents.


**O R D E R**

On July 28, 2025, while a detainee of United States Immigration and Customs Enforcement at the Farmville Detention Center, in Farmville, Virginia, petitioner filed a *pro se* petition pursuant to 28 U.S.C. § 2241 seeking release.[1]   ECF No. 1.   In October 2025, petitioner was later transferred to a detention facility in Eswatini, Africa.   ECF Nos. 1, 22.

On November 10, 2025, respondents filed a motion to dismiss the petition for failure to state a claim and for lack of jurisdiction.   ECF No. 18.   On April 20, 2026, the Court granted petitioner's request for jurisdictional discovery to determine whether petitioner is in the actual or constructive custody of the United States.   ECF No. 37.   For the reasons stated below, respondents' objections, ECF No. 50, to petitioner's requests for discovery pursuant to Rule 6 of

---

[1] Counsel appeared on behalf of petitioner, amended the petition, and moved for an order to show cause, requesting an order directing the respondents to show cause why the writ should not be granted.   ECF Nos. 4–5, 7, 11.   The Court granted the motion for an order to show cause on October 6, 2025, ordering respondents to answer the petition.   ECF No. 12.

the Rules Governing Section 2254 Cases in United States District Courts are **OVERRULED in part** and **SUSTAINED in part.**

I.        **Jusrisdictional Discovery Requests**

On May 15, 2026, petitioner served on respondents proposed discovery requests consisting of 29 requests for production of documents, 21 interrogatories, and a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) addressing 17 topics.    ECF Nos. 43, 50-1, 50-2, 50-3.    Respondents filed objections to the discovery requests on June 5, 2026, and petitioner replied to the objections on June 12, 2026.    ECF Nos. 50, 55.

Respondents have made several general objections to plaintiff's requests for production of documents, interrogatories, and notice of deposition pursuant to Rule 30(b)(6).    ECF No. 50-1, at 1–4; ECF No. 50-2, at 1–3; ECF No. 50-3, at 1–3.    Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B) require objections to be stated with specificity.    Respondents' objection that the responsive time period requested by petitioner (November 5, 2024, to the present), ECF No. 50-1, at 4, is too broad and responses should be limited to the time period from July 28, 2025, to the present, is **SUSTAINED in part.**    Respondents will provide responses for January 2025 to the present.    Respondents' remaining general objections are **OVERRULED.**    This includes:    (a) respondents' attempt to confine the term "custody" to the statutory definition contained in 28 U.S.C. 2241, ECF No. 50-1, at 4; ECF No. 50-2, at 3, as petitioner's definition is suitable for responding to discovery requests; and (b) respondents' assertion of blanket privilege objections, and assertion that requested information is protected by the Privacy Act, ECF No. 50-2, at 2–3, as these objections must be stated with particularity,[2] *see United States v. Reynolds*, 345 U.S. 1, 7–8

---

[2] Respondents are directed to provide a privilege log to petitioner that complies with Rule

(1953).

### A.    Requests for Production of Documents, ECF No. 50-1

Petitioner served 29 requests for production of documents on respondents and respondents objected to 26 of the requests.    ECF No. 50-1.    Respondents' objection that requests 22 and 23, *id.* at 11–12, do not bear on whether petitioner is in the constructive custody of the United States is **SUSTAINED**.

Respondents also object that 12 of the remaining requests seek documents "outside of Federal Respondents' possession, custody or control."    *Id.* at 4–13 (requests 1–2, 5–6, 9–10, 12,[3] 18, 20–21, 25, 27).    The requests ask respondents to produce all responsive documents in respondents' "actual or constructive possession, custody, or control at the time of production, including documents in the possession, custody, or control of [y]our agents or representatives." ECF No. 55-1, at 5.    Accordingly, respondents' objection is **OVERRULED**.

Respondents object that 13 requests relating to other individuals similarly situated to petitioner have "no bearing" on whether petitioner is in the constructive custody of the United States.    ECF No. 50-1, at 5–13 (requests 5–6, 10–15, 18, 21, 25, 27–28).    Respondents' objection is **SUSTAINED** with respect to requests 21 and 27, *id.* at 11, 13, and respondents are to respond to requests 21 and 27 with respect to petitioner only and not similarly situated individuals. The objection is **OVERRULED** as to the remaining requests.

---

26(b)(5)(A) of the Federal Rules of Civil Procedure.    *See* ECF No. 50-1, at 3; ECF No. 55, at 4–5.

[3] Respondents offer to meet and confer to resolve the meaning of vague terms in request 12.    ECF No. 50-1, at 8.    Counsel are also **DIRECTED** to meet and confer to resolve the meaning of terms they contend are vague in requests 14 and 29.    *Id.* at 8–9, 14.

Respondents' objection to request 8 is **SUSTAINED** and the response to this request can be limited to all documents and communications between respondents and any officials in Eswatini concerning petitioner.

Respondents object that several requests related to funding or the Memorandum of Understanding ("MOU") dated May 14, 2025, have no bearing on whether petitioner is in the constructive custody of the United States. *Id.* at 5, 7–10, 12 (requests 3, 11, 13, 16–18, and 25). With respect to request 16, the objection is **SUSTAINED in part,** and respondents can exclude the phrase "and any other individual involved in the agreement to terms" when responding to the request. The remaining objections are **OVERRULED**.

Respondents' objections that request 13 "assumes that the [MOU] is an 'agreement, arrangement, or understanding'"; request 16 "suggests that an MOU is a binding agreement under international law"; request 26 is targeted to the merits of the action; and request 28 is equally available to petitioner, *id.* at 8–9, 13–14, are **OVERRULED**.

Respondents' objection to requests 19 and 20 that draft copies of agreements have no bearing on whether petitioner is in the constructive custody of the United States, *id.* at 10–11, and respondents' objection to request 20 that agreements with countries other than Eswatini have no bearing on whether petitioner is in the constructive custody of the United States, *id.*, are **SUSTAINED**. Respondents are to answer requests 19 and 20 with respect to final copies of agreements with Eswatini only.

Accordingly, respondents are not required to respond to requests 22 and 23, are required to respond to the limited version of requests 8, 16, 19–21, and 27 provided above, and are required to respond to the remainder of the requests pursuant to the guidance provided above.

4

### B.    Interrogatories, ECF No. 50-2

Petitioner served 21 interrogatories on respondents and respondents objected to 20.    ECF No. 50-2.    Respondents assert that 2 interrogatories request privileged information.    *Id.* at 5, 9. Respondents object that answering interrogatory 5, which seeks the process by which petitioner was transferred to Eswatini, "implicates the law enforcement privilege and potentially the executive privileges."    *Id.* at 5.    The law enforcement privilege is intended to protect "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation."    *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)). The petitioner's need for information regarding his transfer to Eswatini outweighs the government's interest in keeping the process private.    There is a protective order in place, ECF No. 54, and the information provided in response to this interrogatory should be treated as confidential.    Respondents have not articulated how the answer to this interrogatory "potentially" implicates executive privilege and have failed to state this objection with particularity.    *See Reynolds*, 345 U.S. at 7–8.    Respondents' objection that the portion of interrogatory 5 seeking the identity of officials involved in petitioner's physical transfer to Eswatini should include a "limitation in time," ECF No. 50-2, at 5, is not persuasive.    Accordingly, respondents' objections with respect to interrogatory 5 are **OVERRULED**.    Similarly, respondents' objection that the answer to interrogatory 15 is overly broad and is "likely subject to the deliberative process privilege," *id.* at 9, is **OVERRULED**, consistent with petitioner's representation that he does not

seek "predecisional" or "deliberative" materials, ECF No. 55, at 13.

Respondents object that interrogatories 1 and 14 seek to have respondents provide information for "individuals outside of Federal Respondents' custody, control[,] or knowledge." ECF No. 50-2, at 3–4, 9. Petitioner asserts that, to the extent respondents are aware of an individual with relevant information, they must identify the individual. ECF No. 55, at 9–10. Respondents' objection is **OVERRULED**. Similarly, respondents object that interrogatory 6 is "partially unanswerable" because respondents "cannot account for how any funds were 'used' or 'allocated' by a foreign government," and that interrogatory 16 seeks the basis for actions of the Eswatini government. ECF No. 50-2, at 6, 10. Respondents' objections are **OVERRULED** and respondents are to answer the interrogatories to the extent they have the information requested.

Respondents' objection that the word "interest" in interrogatory 2 is vague is **SUSTAINED** and respondents can delete that word from interrogatory 2 when responding. *Id.* at 4. The objection that the terms "involvement" and "role" in interrogatory 2 are vague and that a phrase in interrogatory 9 is vague, *id.* at 4, 7, are **OVERRULED**.

Respondents object that 10 interrogatories request information concerning individuals other than petitioner. *Id.* at 4–9, 11–12 (interrogatories 2–3, 6–9, 13, 19–21). With respect to interrogatories 2, 8–9, 13, and 19–21, *id.* at 4, 7–8, 11–12, respondents' objection to answering with respect to individuals other than petitioner is **SUSTAINED**. For each of these interrogatories, respondent can exclude the language "or other similarly situated individuals currently or previously detained in Eswatini" when answering. The objection is **OVERRULED** with respect to interrogatories 3 and 6, *id.* at 4–6, and respondents will answer interrogatories 3 and 6 with respect to both petitioner and other similarly situated individuals.

Respondents object that 11 interrogatories seek information irrelevant to whether petitioner is in the custody of the United States for other miscellaneous reasons. *Id.* at 3–12 (interrogatories 1–2, 4, 7, 11–14, 16–17, and 21). Respondents' objections with respect to interrogatories 7 and 12, *id.* at 6, 8, are **SUSTAINED**. Respondents' remaining objections on relevance grounds are **OVERRULED**.

Accordingly, respondents are not required to respond to interrogatories 7 and 12, are required to respond to the narrowed versions of interrogatories 2, 8–9, 13, and 19–21 described above, and are required to answer the remainder of the interrogatories pursuant to the guidance provided above.

### C.    Notice of Deposition pursuant to Rule 30(b)(6), ECF No. 50-3

Petitioner noticed the deposition of respondents pursuant to Rule 30(b)(6), designating 17 topics and respondents objected to every topic. ECF No. 50-3. Respondents object to petitioner's "designat[ing] deponent as 'Respondents'" because the petitioner "cannot compel testimony from the government as a whole or multiple, separate, federal executive departments through a single designee." *Id.* at 2 (citing *Alexander v. FBI*, 186 F.R.D. 148, 151–52 (D.D.C. 1999) (noting, contrary to respondents' assertion, "the designating party is under the duty to designate more than one deponent if it would be necessary" to address the relevant areas of inquiry)). The deposition notice seeks to depose "one or more officers, directors, managing agents, or other persons who are or were employed by the Department of State or Department of Homeland Security who consent to testify on behalf of each Respondent and who are most knowledgeable regarding" the listed topics. ECF No. 55-1, at 24. Accordingly, respondents' objection is **OVERRULED**.

7

Respondents' objection that 10 designated topics call for information related to governmental agencies other than respondents, ECF No. 50-3, at 3–7 (topics 1, 3–5, 7, 10–12), is **OVERRULED**.

Respondents' objection that topic 2 applies to countries other than Eswatini, *id.* at 3, is **OVERRULED**.

Respondents object that topics 6, 10, and 15 seek information about individuals other than petitioner. *Id.* at 2, 4, 6–8. Respondents' objection with respect to topics 6 and 10 are **SUSTAINED** and deponents can exclude the portion of the topic stating "or any similarly situated individual in Eswatini" when testifying to topics 6 and 10. Respondents' objection with respect to topic 15 is **OVERRULED in part** and deponents will testify with respect to petitioner and similarly situated individuals *transferred to Eswatini* when testifying to topic 15.

Respondents' objection that the testimony requested in topics 5, 7, and 11 addressing petitioner's arrest, detention, and custody *in the United States* does not bear on whether petitioner is in the constructive custody of the United States, *id.* at 4–6, is **SUSTAINED**. Deponents can exclude the portion of the topics referencing petitioner's arrest, detention, and custody in the United States when testifying to topics 5, 7, and 11.

Respondents' objection that topics 8, 13–14, and 16 do not address whether petitioner is in the constructive custody of the United States, *id.* at 5, 7–8, is **SUSTAINED**. Respondents' objection that topics 9–10, 15, and 17 do not address whether petitioner is in the constructive custody of the United States, *id.* at 5, 7–8, is **OVERRULED**.

Accordingly, the deponent(s) provided by respondents are not required to testify regarding topics 8, 13, 14, and 16, are required to testify only to the narrowed versions of topics 5–6, 10–11,

and 15 addressed above, and are required to testify to the remaining topics with the guidance provided above.

## II.    Order

Respondents are **ORDERED** to respond to the discovery requests as outlined above, including holding depositions pursuant to Rule 30(b)(6) by **August 30, 2026**.

Respondents' motion to dismiss the petition for failure to state a claim and lack of jurisdiction filed November 10, 2025, ECF No. 18, is **DENIED without prejudice** to refiling the motion following the close of jurisdictional discovery.

A copy of this order shall be sent to all counsel of record.

_____

Robert J. Krask

United States Magistrate Judge

Norfolk, Virginia
July 7, 2026